Dissenting Opinion by
Packel, J.:
A property insurance policy excluded loss due to water damage caused by defective piping but, after such a loss took place, an adjuster for the insurance company said there was coverage and told the insured where repairs could be made, and subsequently the insurance company mailed drafts for $2,658.97 for the repairs. The insurance company, however, stopped payment on the drafts on the ground of noncoverage for such water damage. The insured brought suit for the $2,658.97 and was successful in compulsory arbitration and later in a trial without a jury.
The basic question is whether the conduct of the adjuster and the insurance company should preclude its claim of noncoverage. Its conduct was based upon a mistake as to coverage. The insured bases his claim upon representations, waiver and estoppel.
Although the decision of Judge Spaulding in Wasilko v. Home Mut. Gas. Co., 210 Pa. Superior Ct. 322, 328, 232 A. 2d 60, 63 (1967), has some differences, its basic principle is controlling here: “The rule is well established that conditions going to the coverage or scope of a policy of insurance, as distinguished from those furnishing a ground of forfeiture, may not be waived by implication from the conduct or action of the insurer. The doctrine of implied waiver is not available to bring within the coverage of an insurance policy, risks that are expressly excluded therefrom.” That rule is the accepted view of most jurisdictions. See Annot., 1 A.L.R. 3d 1139 (1965). The decision of Judge Hoffman in Barth v. State Farm Fire and Cas. Co., 214 Pa. Superior Ct. 434, 257 A. 2d 671 (1969), is not contrary to the general rule because there the representations *426 were made prior to the issuance of the policy and, of course, prior to the loss thereunder. Therefore, the Court gave consideration to those representations in making the determination as to the coverage under the policy.
It is not material in this case that the insurance company had tendered payment. There had been no dispute as to coverage, followed by a settlement of that dispute. Apparently the insured had not examined his policy and the insurance company, without any investigation of the issue, had assumed coverage. Under such circumstances the prompt payment of a claim should not be penalized so as to prohibit recovery back by the insurance company or to deny its right to stop payment on the tendered drafts. The Restatement of Restitution §18 permits recovery of money paid by mistake of fact under such circumstances. In Standard Oil Co. v. United States, 121 F. Supp. 770, 773 (S.D. N.Y. 1952), the United States, treated as an ordinary insurer, was allowed to recover money paid under a war risk policy where there was a mistake as to coverage.
It may well be that the insured, due to the conduct of the insurance company, might have made expenditures in an amount greater than he would have otherwise authorized. He may have a right to recover the additional amount of such expenditures.
The judgment should be reversed with directions for a new trial.
Hoffman and Spaulding, JJ., join in this dissent.